UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>SCOTT REMICK,<br>    Defendant. | )<br>)<br>)<br>)<br>)   Docket No. 2:21-mj-67<br>)<br>)<br>)<br>) |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through its attorney, Jonathan A. Ophardt, Acting United States Attorney for the District of Vermont, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

    1.    <u>Eligibility for Detention</u>.  This defendant is eligible for detention because the defendant is charged with a felony that involves a minor victim, 18 U.S.C. § 3142(f)(1)(E), and the defendant poses a serious risk of flight and a serious danger to the community.

    2.    <u>Reason For Detention</u>.  The Court should detain the defendant because there exist no condition or combination of conditions of release which will reasonably assure the defendant's appearance as required or ensure the safety of the community.

Remick is a danger to the community.  He has an obvious sexual interest in children, which he acted upon by amassing a collection of child pornography.  As detailed in the complaint affidavit, Remick went to great lengths to conceal his criminal activities.  By having that collection of child pornography, of course, Remick victimized each child depicted in those images.  In addition, Remick's collection included images that depict prepubescent girls being subjected to bondage.  Such content reveals that Remick's sexual interest includes violence against children, which confirms that he is a danger to the community.

1

Remick's proficiency at computers gives the government concern that the tools available to the probation office will be inadequate to supervise Remick effectively. As described in the affidavit, Remick's computer network was heavily encrypted. He is currently employed as a Senior Technology Specialist at Middlebury College. Remick also has a side-business called "Vermont Geek." On the Vermont Geek webside, Remick included a page on his background. (*See* Exhibit A). Remick wrote that "[s]ince entering the workforce, every job I've had has been with computers and the IT field[.] I now have 30 years of computer and technology experience under my belt, covering all aspects of software and hardware." Remick concluded his biography by boasting that he has "an unmatched skill set[.]" With such an advanced technological skill set, a profound interest in child pornography, and a demonstrated commitment to keeping his sexual interest in child private, the government believes that the traditional tools used to supervise an offender and keep the community safe will be inadequate in this case. Therefore, detention is appropriate.

Remick presents a flight risk as well. If convicted of the charge in the complaint, Remick faces a sentence of up to 10 years imprisonment. The prospect of a prison sentence may compel Remick to flee the jurisdiction.

Further, the evidence that supports the charge in the complaint is exceptionally strong. Through execution of the remote warrant, law enforcement recovered a significant amount of child pornography and child exploitation material. Law enforcement also recovered evidence that Remick was the user of the device it accessed. During the search of Remick's residence, law enforcement found additional images of child pornography saved to Remick's computer. The strength of the evidence weighs in favor of detention.

To ensure his appearance and protect the public from his continuing offensive conduct, Remick should be detained.

3. <u>Rebuttable Presumption</u>.  The United States will not invoke the rebuttable presumption against defendant under § 3142(e).

4. <u>Time For Detention Hearing</u>.  The United States requests the court conduct the detention hearing after a three-day continuance.

5. <u>Additional matters.</u>  In the event the Court denies the instant motion and orders Remick released on conditions, the government specifically requests that the Court impose the Adam Walsh conditions, which include electronic monitoring and a curfew.

Lastly, the government gives notice that when law enforcement executed the search warrant, it found a loaded .45 caliber handgun on the nightstand in Remick's bedroom.

Dated at Burlington, Vermont, this 8th day of July, 2021.

Respectfully submitted,

JONATHAN A. OPHARDT
Acting United States Attorney

By: */s/ Barbara A. Masterson*
BARBARA A. MASTERSON
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402
(802) 951-6725